NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.B., Individually and o/b/o A.B., : | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, : | |
| : | **OPINION** |
| v. : | |
| : | Civil Action No. 05-CV-702 (DMC) |
| NEWARK BOARD OF EDUCATION, : | |
| : | |
| Defendant. : | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

    This matter comes before the Court upon a motion filed by the Newark Board of Education ("Defendant") for judgment on the pleadings and a counter motion for summary judgment filed by <u>pro se</u> Plaintiff and parent, Angelo Bailey ("Plaintiff"). No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion is **granted** and Plaintiff's motion is **denied**.

## I. BACKGROUND

    Plaintiff's daughter is enrolled in the Newark Public Schools and in the 2003-2004 school year, the Child Study Team ("CST") evaluated her and determined she was eligible for special education and related services. (Plaintiff's Brief in Support of his Counter-motion for Summary Judgment ("Pl. Br.") at 2). In September 2004, a conflict between the parties developed over the implementation of the special services for Plaintiff's daughter. (<u>Id.</u>) On or about October 22, 2004, non-attorney "lay advocate," Tracee Edmondson, filed for mediation on behalf of Plaintiff

with the New Jersey Department of Education ("DOE").  (Defendant's Brief in Support of its Motion for Judgment on the Pleadings ("Def. Br.") at 2).  Defendant agreed to mediate the case and mediation was held on November 12, 2004.  (Id.).

The mediation ended with an agreement, entitled "Notice of Agreement" ("Agreement").  (Id.)  Under the Agreement, both parties agreed to conduct an IEP meeting in order to revise educational program of the student and Plaintiff agreed to withdraw the request for compensatory education and further testing.  (Id.)  The Agreement was signed by Plaintiff, the District's special education administrator, and the DOE mediator.  (Id. at 2-3).

On February 2, 2005, Plaintiff filed a Complaint before this Court seeking counsel fees as the "prevailing party" under the Individuals with Disabilities Education Act ("IDEA").  (See, Plaintiff's Complaint).  Defendant then filed an Answer denying the claim and asserting that the Complaint failed to state a claim upon which relief could be granted as an affirmative defense.  (See, Defendant's Answer).  Defendant then filed a motion for judgment on the pleadings on September 2, 2005, which this Court decides today.

## II. DISCUSSION

### A. Prevailing Party within the Meaning of the IDEA

Under the IDEA, attorney's fees may be awarded to the parents of a child if they are the prevailing party.  20 U.S.C. § 1415(i)(3)(B).  Specifically the Act provides that "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a child or youth with a disability who is the prevailing party."  Id.  The United States Supreme Court addressed the issue of who may be considered a prevailing party under the IDEA in Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health & Human Resources,

532 U.S. 598 (2001). The question in that case was whether the term "prevailing party" included "a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." Id. at 600. The Court found that the party moving for attorneys' fees must have either an enforceable judgment on the merits or court-ordered consent decree to qualify as a "prevailing party" under the Act. Id. at 604.

In John T. v. Del. County Intermediate Unit, 318 F. 3d 545 (3d Cir. 2003), the Third Circuit elaborated on the circumstances where a stipulated settlement agreement confers prevailing party status on a party. In order for a party to qualify as the "prevailing party" the agreement must: (1) contain mandatory language; (2) be entitled "Order;" (3) bear the signature of the judge, not counsel; and (4) provide for judicial enforcement. Id. at 558, (citing, Truesdell v. Philadelphia Hous. Auth., 290 F.3d 159, 165 (3d Cir. 2002). In John T, the Third Circuit again found that a "Notice of Agreement" did not confer "prevailing party" status on a party because the agreement "merely set forth the next procedural step" in the student's pursuit of his legal rights. Rhashay Salley v. Trenton Bd. of Ed., No. 04-3908, 2005 WL 2952350, * 3 (3d. Cir. Nov. 7, 2005). The Court used the factors set forth in Buckhannon and due to the fact that the agreement was not judicially sanctioned, was not entitled "Order," was not signed by the District Court, and failed to provide for judicial enforcement, the party was not a prevailing party. Id.

Upon considering the factors set forth by the United States Supreme Court and the Third Circuit, the Plaintiff in this matter cannot be considered a prevailing party. First, the document signed by Plaintiff and Defendant is entitled "Notice of Agreement," and not "Order." The

Agreement is not signed by any judge and does not provide for judicial enforcement.  Due to the fact that Plaintiff fails to satisfy three of the factors set forth above, the Agreement cannot confer prevailing party status upon the Plaintiff.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that Defendant's motion for judgment on the pleadings is **granted** and Plaintiff's motion for summary judgment is **denied.**  An appropriate Order accompanies this Opinion.

 S/   Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

A. Date: February 10, 2006
Original: Clerk's Office
Cc: All Counsel of Record
      The Honorable Mark Falk, U.S.M.J.
      File